IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| R. AUBREE GUANCIONE,<br><br>        Plaintiff,<br>   v.<br><br>SANTA CLARA UNIVERSITY; SANTA CLARA UNIVERSITY SHIPS MASTER; SANTA CLARA UNIVERSITY SHIPS OWNER; JESUIT COMMUNITY AT SANTA CLARA UNIVERSITY, INC.; SPHERION STAFFING OF NORTHERN CALIFORNIA, INC.; SPHERION SHIPS MASTER; SPHERION SHIPS OWNER; AND JOHN/MARY DOES 1-10,<br><br>        Defendants.<br>_____/ | **No. C 09-02894 RS**<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND HER COMPLAINT** |

      Plaintiff Aubree Guancione, acting *pro se*, has filed a complaint and an amended complaint alleging that she injured herself by falling down a negligently maintained staircase on the campus of defendant Santa Clara University ("SCU"). Plaintiff's initial complaint was accompanied by an application to proceed *in forma pauperis*, which the Court granted. Defendants have moved to dismiss the complaint and the amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Guancione's theory of the case is that SCU and defendant Spherion Staffing of Northern California, Inc. ("Spherion") are vessels and that other associated individual defendants are masters and owners of these vessels. She repeatedly refers to herself as "plaintiff/seaman" and "Seaman Guancione," and she alleges that SCU and Spherion, as the "vessels in question in this lawsuit," are "dry-docked in Santa Clara County, as are the warehouses where their cargo is placed." She uses similarly imaginative, pseudo-nautical language to describe the alleged events leading up to the injury underlying the lawsuit. Finally, she invokes "international maritime law regarding personal injury to a seaman or employee" as the basis for relief.

These allegations apparently stem from a misguided attempt to invoke federal jurisdiction—specifically, admiralty and maritime jurisdiction under 28 U.S.C. § 1333. The burden of establishing the federal court's subject matter jurisdiction falls to the party seeking to invoke such jurisdiction—in this case Guancione. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.1989). The bases for subject matter jurisdiction in the federal district courts are listed in Chapter 85 of Title 28 of the United States Code, and include, among others, diversity jurisdiction and federal question jurisdiction.

Admiralty and maritime jurisdiction does not lie in this case. Pursuant to the defendants' requests, the Court takes judicial notice that SCU has a campus comprised of buildings, located at 500 El Camino Road, Santa Clara, California; and that Spherion is a general employment placing agency who never placed Guancione on a ship or anywhere close to navigable waters for employment purposes. *See* SCU's Request for Judicial Notice, filed July 20, 2009; Spherion's Request for Judicial Notice, filed September 8, 2009. For these reasons, the defendants' motions to dismiss are granted. Nonetheless, Guancione will be afforded leave to amend her complaint, if in good faith she can bring her claims within one of the recognized areas of federal subject matter jurisdiction. Any such amended complaint must be filed and served within **THIRTY DAYS** of the date of this order. Failure to file an amended complaint within the thirty-day period will result in dismissal of this case with prejudice.

IT IS SO ORDERED.

Dated: 11/19/09

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED\* TO:**

Charles S. Custer                      ccuster@gordonrees.com, tjohnson@gordonrees.com

**AND A HARD COPY OF THIS ORDER WAS MAILED TO:**

R. Aubree Guancione
P.O. Box 641641
San Jose, CA 95164


DATED: 11/19/09

                                               /s/ Chambers Staff
                                               Chambers of Magistrate Judge Richard Seeborg

\*Counsel are responsible for distributing copies of this order to co-counsel who did not receive a notice of electronic filing.