*E-Filed 02/16/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

R. AUBREE GUANCIONE,

        Plaintiff,

   v.

SANTA CLARA UNIVERSITY, *et al*.,

        Defendants.

**No. C 09-02894 RS**

**ORDER GRANTING MOTION TO DISMISS**

In July 2009, *pro se* plaintiff R. Aubree Guancione filed a first amended complaint ("FAC"), which advanced a series of claims based on a theory of maritime liability. Using this theory, plaintiff sought to invoke federal jurisdiction under 28 U.S.C. § 1333, which gives district courts original jurisdiction over admiralty, maritime and prize cases. The Court concluded that no admiralty or maritime jurisdiction existed in the case, because plaintiff was not a seaman and defendants were not vessels, as plaintiff averred. As plaintiff alleged no basis for federal jurisdiction other than § 1333, the Court dismissed the complaint with leave to amend, citing a lack of subject matter jurisdiction. Plaintiff was nonetheless afforded an opportunity to amend the FAC within 30 days but was cautioned that any such amendment must "in good faith . . . bring her claims

within one of the recognized areas of federal subject matter jurisdiction." Order of November 19, 2009, at 2.

In response to that order, plaintiff filed a second amended complaint ("SAC")[1] on December 28, 2009. The only defendants named in the SAC who have been properly served are the President and Board of Trustees of Santa Clara College, the Jesuit Community at Santa Clara, Inc. (collectively, the "Santa Clara defendants"), and Spherion Corporation ("Spherion"). The Santa Clara defendants have now moved to dismiss the SAC.[2] Pursuant to Civil Local Rule 7-1(b), the motion has been deemed suitable for determination without oral argument, and the hearing scheduled for March 4, 2010, is vacated.

An examination of the SAC reveals that it contains no more basis for the exercise of federal subject matter jurisdiction than did the FAC. It persists in its curious admiralty theory while supplementing the FAC's claims with some additional unexplained citations to federal statutes. For example, it invokes 28 U.S.C. § 1443, the statute governing the removal of civil rights cases by defendants. Certainly there can be no jurisdiction under this statute, since Guancione is not a defendant and has not removed her lawsuit from state court. Similarly, the SAC invokes 42 U.S.C. § 1985, which governs conspiracies to interfere with civil rights. Section 1985, commonly known as the Ku Klux Klan Act, has three subsections, each of which has inspired a complex body of case law. *See, e.g.*, *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971) (listing elements of a claim under § 1985(3)); *Rutledge v. Ariz. Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988) (listing

---

[1] Plaintiff consented to magistrate judge jurisdiction on July 30, 2009, when the undersigned was a United States Magistrate Judge. On December 29, 2009, however, plaintiff had an apparent change of heart and filed a declination of that jurisdiction. While a party to a federal civil case usually has a constitutional right to proceed before an Article III judge, a party waives that right when he or she consents to magistrate judge jurisdiction. *Dixon v. Ylst*, 990 F.2d 478, 479-80 (9th Cir. 1993). Once given, such consent can be withdrawn only with the Court's permission "for good cause shown on [the Court's] own motion, or under extraordinary circumstances shown by any party." *Id.* at 480. No good cause or extraordinary circumstance is present here. The issue, in any event, is academic in this particular action, as the undersigned became a United States District Judge on January 4, 2010. Consent, therefore, is no longer necessary as a basis for the exercise of jurisdiction.

[2] The amended complaint was filed nine days after the 30-day deadline had expired. This delay, standing alone, constitutes sufficient cause for outright dismissal. *See* Order of November 19, 2009, at 2 (instructing that "[f]ailure to file an amended complaint within the thirty-day period will result in dismissal of this case with prejudice."). In recognition that it is preferable to resolve disputes on the merits, this order addresses the substantive arguments advanced in the instant motion to dismiss.

elements of a claim under the first clause of § 1985(2)).  The SAC entirely ignores this body of law and devotes only two sentences to § 1985: "Defendants [sic] actions were malicious, notorious and unconscionable in not maintaining the vessel properly.  An award of punitive damages should be made to prevent other ships [sic] owners and ships [sic] masters from improperly maintaining their vessels and injuring other seamen."  These nonsensical comments fail to invoke § 1985 or any sub-part thereof.  Finally, the remainder of the SAC is devoted to claims under California state law, all of which evidence a similar lack of foundation in law or fact.

The SAC's allegations, while somewhat lengthy and difficult to decipher, seem to arise out of the core claim that plaintiff believes she sustained an injury during some kind of accident that occurred in her workplace, and that one or more of the defendants named herein bears responsibility.  Plaintiff has been afforded numerous opportunities to demonstrate why this basic factual scenario is a proper subject for the exercise of federal jurisdiction, but at no point in the seven-month history of this case has she alleged either facts or law to suggest that her case belongs in this Court.  The case is therefore dismissed in its entirety, with prejudice, under Rule 12(b)(1).[3]

IT IS SO ORDERED.

Dated: 02/16/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] The Santa Clara defendants have alternatively moved to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  While it is not necessary to decide the merits of this alternative motion, the above discussion of dismissal under Rule 12(b)(1) also supports dismissal under Rule 12(b)(6).

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED\* TO:**

Charles S. Custer                              ccuster@gordonrees.com, tjohnson@gordonrees.com

**AND A HARD COPY OF THIS ORDER WAS MAILED TO:**

R. Aubree Guancione
P.O. Box 641641
San Jose, CA 95164


DATED: 02/16/2010

                                                  /s/ Chambers Staff
                                                  Chambers of Magistrate Judge Richard Seeborg

\*Counsel are responsible for distributing copies of this order to co-counsel who did not receive a notice of electronic filing.